JS-44 (Rev 11/04)    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sahadeo Singh

**(b)** County of Residence of First Listed Plaintiff — Bucks, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Vicki Piontek, Esquire - Piontek Law Office
951 Allentown Road Lansdale, PA 19446 - 877-7378617

## DEFENDANTS
Midland Credit Management and Midland Funding, LLC

County of Residence of First Listed Defendant — San Diego, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Ronald M. Metcho, Esq. Marshall, Dennehey, Warner, Coleman & Goggin
2000 Market Street, Philadelphia, PA 19103  215-575-2595

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholder's Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 195 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury – Med Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing / Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities— Employment
☐ 446 Amer. w/Disabilities— Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☒ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. § 227, et seq. - 15 U.S.C. § 1692, et seq.

Brief description of cause:
Telehone Consumer Protection Act and Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE — Judge C. Darnell Jones, II
DOCKET NUMBER — 2:11-cv-05068-CDJ

DATE — May 15, 2013

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

MAY 15 2013

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CASE MANAGEMENT TRACK DESIGNATION FORM

SAHADEO SINGH : CIVIL ACTION

:

v. :

MIDLAND CREDIT MANAGEMENT, :

ET AL. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.   ( )

(e) Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)   ( )

(f) Standard Management--Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| May 15, 2013 | _signature_ | Defendants, Midland Credit Management, Inc. and Midland Funding, LLC |
| Date | Attorney-at-law<br>Ronald Metcho, Esquire. | Attorney for |

rmmetcho@mdwcg.com

| | | |
|---|---|---|
| (215) 575-2595 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

MAY 1 5 2013

551629

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)    The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)    In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)    The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)    Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)    Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
#### (See § 1.02(e) Management Track Definitions of the
#### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

551629

**UNITED STATES DISTRICT COURT**

13    2656

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff    Sahadeo Singh c/o Vicki Piontek, Esquire - 951 Allentown Road, Lansdale, PA 19446

Address of Defendant    Midland Credit Management, Inc. and Midland Funding, LLC  c/o Ronald M. Metcho, Esquire – 2000 Market Street, Suite 2300 Philadelphia, PA 19103

Place of Accident, Incident or Transaction    Bucks County, Pennsylvania
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))    Yes ☐    No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

*RELATED CASE, IF ANY:*

Case Number:  2:11-cv-05068-CDJ    Judge  Honorable C. Darnell Jones, II    Date Terminated  February 9, 2012

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☒   No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A.   *Federal Question Cases:*

1.  ☐  Indemnity Contract, Marine Contract, and All Other Contracts
2.  ☐  FELA
3.  ☐  Jones Act-Personal Injury
4.  ☐  Antitrust
5.  ☐  Patent
6.  ☐  Labor-Management Relations
7.  ☐  Civil Rights
8.  ☐  Habeas Corpus
9.  ☐  Securities Act(s) Cases
10. ☐  Social Security Review Cases
11. ☒  All other Federal Question Cases
    (Please specify)    TPCA and  FDCPA

B.   *Diversity Jurisdiction Cases*

1.  ☐  Insurance Contract and Other Contracts
2.  ☐  Airplane Personal Injury
3.  ☐  Assault, Defamation
4.  ☐  Marine Personal Injury
5.  ☐  Motor Vehicle Personal Injury
6.  ☐  Other Personal Injury (Please specify)
7.  ☐  Products Liability
8.  ☐  Products Liability – Asbestos
9.  ☐  All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I,  Ronald M. Metcho, Esquire    counsel of record do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐  Relief other than monetary damages is sought.

DATE    May 15, 2013    Ronald M. Metcho    202807

Attorney-at-Law    Attorney I.D. #

**NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE    May 15, 2013    Ronald M. Metcho    202807

MAY 15 2013

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff    Sahadeo Singh c/o Vicki Piontek, Esquire - 951 Allentown Road, Lansdale, PA 19446

Address of Defendant    Midland Credit Management, Inc. and Midland Funding, LLC  c/o Ronald M. Metcho, Esquire – 2000 Market Street, Suite 2300 Philadelphia, PA 19103

Place of Accident, Incident or Transaction    Bucks County, Pennsylvania
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))    Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒
*RELATED CASE, IF ANY:*

Case Number:    2:11-cv-05068-CDJ    Judge    Honorable C. Darnell Jones, II    Date Terminated    February 9, 2012

Civil cases are deemed related when yes is answered to any of the following questions:

1.    Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐  No ☒

2.    Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☒  No ☐

3.    Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?    Yes ☐  No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A.    *Federal Question Cases:*

1.    ☐    Indemnity Contract, Marine Contract, and All Other Contracts
2.    ☐    FELA
3.    ☐    Jones Act-Personal Injury
4.    ☐    Antitrust
5.    ☐    Patent
6.    ☐    Labor-Management Relations
7.    ☐    Civil Rights
8.    ☐    Habeas Corpus
9.    ☐    Securities Act(s) Cases
10.    ☐    Social Security Review Cases
11.    ☒    All other Federal Question Cases
(Please specify)    TPCA and FDCPA

B.    *Diversity Jurisdiction Cases*

1.    ☐    Insurance Contract and Other Contracts
2.    ☐    Airplane Personal Injury
3.    ☐    Assault, Defamation
4.    ☐    Marine Personal Injury
5.    ☐    Motor Vehicle Personal Injury
6.    ☐    Other Personal Injury (Please specify)
7.    ☐    Products Liability
8.    ☐    Products Liability – Asbestos
9.    ☐    All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,    Ronald M. Metcho, Esquire    counsel of record do hereby certify:

☐    Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐    Relief other than monetary damages is sought.

DATE    May 15, 2013                    Ronald M. Metcho                    202807
                                        Attorney-at-Law                    Attorney I.D. #

**NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE    May 15, 2013                    Ronald M. Metcho                    202807

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| SAHADEO SINGH | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| MIDLAND CREDIT MANAGEMENT, | : | |
| ET AL. | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)   Social Security-Cases requesting review of a decision of the Secretary of Health
        and Human Services denying plaintiff Social Security Benefits.                             ( )

(c)   Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)   Asbestos-Cases involving claims for personal injury or property damage from
        exposure to asbestos.                                                                                    ( )

(e)   Special Management-Cases that do not fall into tracks (a) through (d) that are
        commonly referred to as complex and that need special or intense management by
        the court.  (See reverse side of this form for a detailed explanation of special
        management cases.)                                                                                      ( )

(f)   Standard Management--Cases that do not fall into any one of the other tracks.          (X)


| | | |
|---|---|---|
| May 15, 2013 | | Defendants, Midland Credit Management, Inc. and Midland Funding, LLC |
| Date | Attorney-at-law Ronald Metcho, Esquire. | Attorney for |
| | | |
| (215) 575-2595 | (215) 575-0856 | rmmetcho@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

551629

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See § 1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

$400

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SAHADEO SINGH** | **Civil Action No.** |
| Plaintiff, | |
| **vs.** | |
| **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING, LLC, JOHN DOES 1-10 AND X,Y,Z CORPORATIONS,** | **13    2656** |
| Defendants. | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendants, Midland Credit Management, Inc. and Midland Funding, LLC (collectively referred to herein as "Midland"), by and through their Counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby remove the action entitled <u>Sahadeo Singh v. Midland Credit Management, Midland Funding, LLC, John Does 1-10 and X,Y,Z Corporations</u>, docket no. 2013-01989, as filed in the Court of Common Pleas of Bucks County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1. On or about April 9, 2013, Plaintiff, Sahadeo Singh filed the Action in the Court of Common Pleas of Bucks County, Pennsylvania.  A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

2. Midland first received notice of the Action on or around April 15, 2013, when it was served with Plaintiff's Complaint via certified mail.

3. Based on the foregoing, Midland has timely filed this Notice of Removal within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable.  See 28 U.S.C. § 1446(b).

4. The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Midland pursuant to the provisions of 28 U.S.C. § 1441 (b), in that Plaintiff has alleged, *inter alia,* that Midland violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.,* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, thereby asserting claims that arises under federal law.

5. In that the causes of action alleged by the Plaintiff arises from the performance of obligations of the parties within Bucks County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6. Pursuant to 28 U.S.C. § 1446(d), Midland will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Bucks County Court of Common Pleas.

**WHEREFORE**, Defendants, Midland Credit Management, Inc. and Midland Funding, LLC notify this Court that this cause of action is removed from the Court of Common Pleas of Bucks County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §§ 1331, and 1446.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By: _____

RONALD M. METCHO, ESQUIRE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2595 / (215) 575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendants
Midland Credit Management, Inc. and
Midland Funding, LLC

Dated:  May 15, 2013

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**SAHADEO SINGH**

                    Plaintiff,                              **Civil Action No.**

          **vs.**

**MIDLAND CREDIT MANAGEMENT,
MIDAND FUNDING, LLC, JOHN
DOES 1-10 AND X,Y,Z
CORPORATIONS,**

                    Defendants.

## CERTIFICATE OF SERVICE

I, Ronald M. Metcho, Esquire, do hereby certify that a true and correct copy of Defendants, Midland Credit Management, Inc. and Midland Funding, LLC's **Notice of Removal** was served upon the below-listed counsel of record by ECF and U.S. mail on May 15, 2013:

          Vicki Piontek, Esquire
          951 Allentown Road
          Lansdale, PA 19445
          Attorney for Plaintiff
          Sahadeo Singh

                              **MARSHALL DENNEHEY WARNER
                              COLEMAN & GOGGIN, P.C.**

          By:     _____
                              RONALD M. METCHO, ESQUIRE
                              Attorneys for Defendants
                              Midland Credit Management, Inc. and
                              Midland Funding, LLC

Dated:  May 15, 2013

# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Sahadeo Singh,                          :
580 Sunnemeade Avenue                   :
Warminster, PA  18974                   :          2013-01989
                         Plaintiff      :
Vs.                                     :
Midland Credit Management               :          Civil Action-Law
8875 Aero Drive, Suite 200              :
San Diego, California 92123             :
and                                     :
Midland Funding, LLC                    :
8875 Aero Drive Suite 200               :          Jury Trial Demanded
San Diego, CA 92123                     :
and                                     :
John Does 1-10                          :
and                                     :
X,Y,Z Corporations                      :
                         Defendant      :

*(stamp at right: PROTHONOTARY OF BUCKS COUNTY  2013 APR -9  P 3: 50  RECEIVED)*

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Legal Aid of Southeastern PA for Bucks County        Bucks County Legal Aid Society
1290 Veterans Hwy, Box 809, Bristol, PA 19007        100 Union St, Doylestown, PA 18901
215-781-1111                                         (215) 340-1818

Bucks County Bar Association
135 E. State St., P.O. Box 300
Doylestown, PA 18901
215-348-9413

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Sahadeo Singh, | : | |
| 580 Sunnemeade Avenue | : | |
| Warminster, PA  18974 | : | 2013-01989 |
| Plaintiff | : | |
| Vs. | : | |
| Midland Credit Management | : | Civil Action-Law |
| 8875 Aero Drive, Suite 200 | : | |
| San Diego, California 92123 | : | |
| and | : | |
| Midland Funding, LLC | : | |
| 8875 Aero Drive Suite 200 | : | Jury Trial Demanded |
| San Diego, CA 92123 | : | |
| and | : | |
| John Does 1-10 | : | |
| and | : | |
| X,Y,Z Corporations | : | |
| Defendant | : | |

# COMPLAINT

## INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)'
   alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 et. seq.
   (hereinafter "TCPA"), as well as for Defendant(s) alleged violations of the Fair Debt
   Collection Practices Act, 15 U.S.C. 1692. et seq. (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2.  All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3.  Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

4.  Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

5.  A substantially portion of the conduct complained of occurred in this jurisdiction.

## PARTIES

6.  All previous paragraphs of this complaint are incorporated by reference.

7.  Plaintiff is Sahadeo Singh, an adult individual with a current address of 580 Sunnemeade Avenue, Warminster, PA  18974.

8.  Defendant is Midland Credit Management, a business engaged in consumer debt collection with a principle place of business located at 8875 Aero Drive, Suite 200, San Diego, California 92123.

9.  Defendant is also Midland, Funding, LLC, a business engaged in consumer debt collection with a principle place of business located at 8875 Aero Drive, Suite 200, San Diego, California 92123.

10. Defendants may include John Does 1-10, persons whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery.  It is believed and averred that such Does played a substantial role in the commission of the acts described in this Complaint.

11. Defendants may include X,Y,Z Corporations, business entities whose names and Identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery.  It is believed and averred that such entities played a substantial role in the commission of the acts described in this Complaint.

## COUNT ONE:  VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 ET. SEQ.

12. The previous paragraphs are incorporated by reference and made a part of this complaint.

13. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227

(TCPA), in response to a growing number of consumer complaints regarding certain

telemarketing practices.

14. The TCPA regulates, among other things, the use of automated telephone equipment, or

"autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the

use of autodialers to make any call to a wireless number in the absence of an emergency

or the prior express consent of the called party.

15. According to findings by the Federal Communication Commission ("FCC"), the agency

Congress vested with authority to issue regulations implementing the TCPA, such calls

are prohibited because, as Congress found, automated or prerecorded telephone calls are

a greater nuisance and invasion of privacy than live solicitation calls, and such calls can

be costly and inconvenient. The FCC also recognized that wireless customers are charged

for incoming calls whether they pay in advance or after the minutes are used.

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted.

17. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. § 153(10).

18. Prior to the commencement of this action, Plaintiff engaged in a consumer credit transaction which was the subject of Defendant's collection activity.

19. Plaintiff's account went into collections, and the account was referred to Defendant(s) for the purpose of collection.

20. At no time did Plaintiff provide Defendant with Plaintiff's cell phone number.

21. At no time did Plaintiff provide the original alleged creditor for the account that was the subject of Defendant's collection activity with Plaintiff's cell phone number.

22. It is believed and averred that Defendant used some method or mechanism to look up Plaintiff's cell phone number in order to facilitate the calls.

23. On various occasions within the applicable statute of limitations prior to the commencement of this action, Defendant contacted Plaintiff on Plaintiff's cellular telephone.

24. It is believed and averred that one or more of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

25. It is believed and averred that one or more of the telephone calls placed by Defendant to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 et. seq

26. Such automated calls were made by Defendant(s) to Plaintiff's cellular telephone service as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

27. During the transaction that resulted in the alleged debt owed, Plaintiff did not provide a wireless or cellular number to receive automated calls on Plaintiff's cellular telephone.

28. Plaintiff did not provide "express consent" to receive automated telephone calls on Plaintiff's cellular telephone

29. The calls that were made by Defendant(s) to Plaintiff's cellular telephone were not made for emergency purposes.

30. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

31. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

32. Plaintiff believes and avers that Plaintiff received no less than 5 automated calls on Plaintiff's cell phone from Defendant(s), and probably more that came in, but Plaintiff was not able to document.

## COUNT TWO:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,
### 15 USC 1692f, et. seq.
### Unlawful and Unconscionable Collection Activity

33. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

34. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

35. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

36. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged consumer debt against Plaintiff.

37. Within the applicable statue of limitations prior to the commencement of this action, Defendant(s) contacted Plaintiff by telephone and violated the above referenced provisions of TCPA.

38. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful, illegal or unconscionable collection activity while the debt collector is attempting to collect a debt.

39. By violating TCPA, Defendant(s) also violated 15 USC 1692 f, et, seq., by engaging in unlawful, illegal and unconscionable collection activity.

## COUNT THREE:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES
### ACT, 15 USC 1692b, et. seq.
### Contacting A Consumer Represented By an Attorney

40. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

41. Prior to the commencement of this action, Defendant(s) had been notified that Plaintiff was represented by an attorney.

42. Despite such knowledge that Plaintiff was represented by an attorney, Defendant(s) contacted Plaintiff directly anyway.

43. By contacting a consumer that Defendant(s) knew or should have known was represented by an attorney, Defendant(s) violated 15 USC 1692 et. seq. of the FDCPA.

## LIABILITY

44. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

45. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

46. Defendant Midland Funding, LLC is responsible for the act or omissions committed by Defendant Midland Credit Management under the doctrines of respondeat superior, agency, joint venture, and joint and several liability.  See Moses  v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C. and Outsource Recovery Management, U.S.District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

47. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of negligent supervision.

48. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of the non-delegable duty.

49. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

50. Any mistake made by Defendant would have included a mistake of law.

51. Any mistake made by Defendant would not have been a reasonable bona fide mistake.

## DAMAGES

52. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

53. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

54. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory under the FDCPA 15 USC 1692k, and under TCPA.

55. Plaintiff believes ad avers that Plaintiff is entitled to $500.00 per call that Plaintiff received from Defendant(s) in violation of TCPA.

56. Plaintiff believes and avers that there was at least 5 separate automated telephone calls to his cell phone which were made by Defendant(s), thereby warranting $2,500 in statutory damages.

57. Plaintiff suffered emotional distress with a Dollar value to be proven at trial.

## ATTORNEY FEES

58. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

59. Plaintiff is entitled to reasonable attorney fees in this matter at a rate of no less than $350 per hour or other rate that this Honorable Court deems just and fare, pursuant the fee shifting provision of TCPA and FDCPA.

60. Plaintiff's attorney fees of $1,400.00 at a rate of $350.00 per hour, are enumerated below.

| | |
|---|---|
| a. Time spent with client, drafting and review of complaint | 1 |
| b. Drafting, editing, review, filing and service of complaint and related documents | 1 |
| c. Follow up With Defense and client | 2 |

4 x $350 = $1,400.00

61. Plaintiff's attorney fees continue to accrue as the case move forward.

62. The above stated attorney fees include prosecution of this complaint to the date of the instant filing and reasonable follow up.

## OTHER RELIEF

63. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

64. Plaintiff seeks injunctive relief barring further unlawful collection activity.

65. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

66. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $4,901.00.

$1.00 actual damages more or less for postage, stationary , fax, etc.

$1,000.00 statutory damages under the FDCPA

$2,500 statutory damages under TCPA

$1,400.50 attorney fees

$4,901

Plaintiff seeks such other relief as the Court deems just and fair.

_Vicki Piontek_   2/23/13

Vicki Piontek, Esquire          Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
877-737-8018
Fax: 866-408-6735
palaw@gmail.com

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Sahadeo Singh,                              :
580 Summerneade Avenue                      :
Warminster, PA 18974                        :
                        Plaintiff           :
                                            :
Vs.                                         :
Midland Credit Management                   :
8875 Aero Drive, Suite 200                  :
San Diego, California 92123                 :
and                                         :
Midland Funding, LLC                        :
8875 Aero Drive, Suite 200                  :   Jury Trial Demanded
San Diego, CA 92123                         :
and                                         :
John Does 1-10                              :
and                                         :
X,Y,Z Corporations                          :
                        Defendant           :

**VERIFICATION**

I, Sahadeo Singh, have read the attached complaint.  The facts stated in the **complaint are true**

and accurate to the best of my knowledge, understanding and belief.


_____        _____
Sahadeo Singh                     Date